UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OMAR S. HULL,

                Petitioner,                        Case No.  22-11051

v.                                        HON. MARK A. GOLDSMITH

MATT MACAULEY, [1]

                Respondent.

_____/

## OPINION & ORDER
## (1) DISMISSING WITHOUT PREJUDICE THE PETITION FOR WRIT OF HABEAS CORPUS, (2) DENYING A CERTIFICATE OF APPEALABILITY, AND (3) DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

Omar S. Hull, a prisoner in the custody of the Michigan Department of Corrections, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254.  In 2021, Hull pleaded guilty in Michigan's Genesee County Circuit Court to armed robbery, Mich. Comp. L. § 750.529, and felony firearm, Mich. Comp. L. § 750.227b.  Pet. at PageID.1 (Dkt. 1).  On August 17, 2021, he was sentenced as a fourth habitual offender to 12 to 30 years for armed robbery and two years for felony firearm.  Id.  For the reasons explained below, the Court dismisses the petition without prejudice. The Court denies a certificate of appealability and denies Petitioner leave to proceed on appeal in forma pauperis.

---

[1]  The proper respondent in a habeas case brought by an incarcerated prisoner is the warden of the prisoner's facility.  See Rule 2(a), 28 U.S.C. § 2254.  Hull's custodian is Matt Macauley, the warden at the Bellamy Creek Correctional Facility where Hull is confined.  The Court will order the Clerk of Court to substitute Matt Macauley as the respondent.

## I. STANDARD OF REVIEW

Under Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts, the Court conducts a preliminary review of the petition.  Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  The petition is subject to dismissal under this standard.

## II.  DISCUSSION

A state prisoner filing a petition for a writ of habeas corpus must first exhaust available state court remedies.  See 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.").  The claims must be "fairly presented" to the state courts.  McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000).  A petitioner fairly presents claims by asserting the factual and legal bases for the claims in the state courts, id., and by raising them as federal constitutional issues, Koontz v. Glossa, 731 F.2d 365, 368 (6th Cir. 1984).  To satisfy the exhaustion requirement, a Michigan prisoner must raise each claim to both the Michigan Court of Appeals and the Michigan Supreme Court. Robinson v. Horton, 950 F.3d 337, 343 (6th Cir. 2020).

Hull admits that he did not exhaust his state court remedies, explaining that he "wrote [a] letter to Court of Appeals but [he] was pas[t] the deadline," and he "did the same for 6.500 motion [and] was referred to Supreme Court" which, in turn, "referred [him] to Federal Habeas Corpus." Pet. at PageID.5.  A review of the online state trial court docket shows that no motion for relief

from judgment was filed in Hull's criminal case.[2]  Similarly, a search of the public docketing system for the Michigan Court of Appeals and Michigan Supreme Court shows that Hull has not filed an appeal of right or application for leave to appeal the convictions at issue in this petition. Hull, therefore, has not exhausted his state court remedies.

A petitioner must comply with the exhaustion requirement as long as there is still a state-court procedure available for him or her to do so.  See Adams v. Holland, 330 F.3d 398, 401 (6th Cir. 2003).  In this case, a procedure is available.  Hull may file a motion for relief from judgment in the Genesee County Circuit Court under Michigan Court Rule 6.502.  If that motion is denied, he may seek review from the Michigan Court of Appeals and Michigan Supreme Court by filing an application for leave to appeal.  Mich. Ct. R. 6.509; Mich. Ct. R. 7.203; Mich. Ct. R. 7.302. The state courts must be given a fair opportunity to address Hull's claims before the claims are presented to this Court.  Therefore, the Court dismisses the petition without prejudice.[3]

### III. CONCLUSION

For the reasons set forth above, the Court dismisses without prejudice the petition for a writ of habeas corpus.  Because the disposition of the case is not reasonably debatable, the Court denies a certificate of appealability.  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). The Court

---

[2] This Court may take judicial notice of court records that are available online to members of the public. See Lynch v. Leis, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing Lyons v. Stovall, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

[3] Dismissal rather than a stay-and-abeyance procedure, Rhines v. Weber, 544 U.S. 269 (2005), is appropriate because approximately four-and-a-half months remain on the one-year statute of limitations, which began running when the time for filing a direct appeal expired six months after Hull was sentenced on August 17, 2021.  See 28 U.S.C. § 2244(d)(1)(A).  Given that Hull has four-and-a-half months remaining of the limitations period, he has time to complete the state court process and return to federal court on a perfected petition should he wish to do so.

3

denies leave to proceed in forma pauperis on appeal because it concludes that an appeal from this decision cannot be taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(2).

The Court orders the Clerk of Court to amend the case caption to substitute Matt Macauley as the respondent.

SO ORDERED.

Dated: October 5, 2022                              s/Mark A. Goldsmith
          Detroit, Michigan                          MARK A. GOLDSMITH
                                                     United States District Judge

4